UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL T. SWAIM, § | |
| § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 4:13-cv-00302 |
| § | |
| US BANK NATIONAL ASSOCIATION, AS § | |
| TRUSTEE FOR JP MORGAN MORTGAGE § | |
| ACQUISITION CORP. 2006 FREP BACKED § | |
| PASS THROUGH CERTIFICATES SERIES § | |
| 2006 FRE2, ITS SUCCESSORS AND § | |
| ASSIGNS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the defendant's, U.S. Bank National Association as Trustee for J.P. Morgan Mortgage Acquisition Corp. 2006-FRE2, Asset Backed Pass-Through Certificates, Series 2006-FRE2[1] ("U.S. Bank"), motion to dismiss. (Dkt. No. 6). The plaintiff, Michael T. Swaim (the "plaintiff"), has failed to file a response in opposition to U.S. Bank's motion to dismiss and the deadline for doing so has expired. Accordingly, pursuant to S.D. Tex L.R. 7.4, the plaintiff's failure to respond will be taken as a representation of no opposition. After having carefully examined U.S. Bank's motion, the plaintiff's pleadings and the applicable law, the Court determines that U.S. Bank's motion to dismiss should be **GRANTED**.

---

[1] U.S. Bank alleges that it has been incorrectly sued as "U.S. Bank National Association, as Trustee for JP Morgan Mortgage Acquisition Corp. 2006 FREP Backed Pass Through Certificates Series 2006 FRE2, its successors and assigns" and should instead be named "U.S. Bank National Association as Trustee for J.P. Morgan Mortgage Acquisition Corp. 2006-FRE2, Asset Backed Pass-Through Certificates, Series 2006-FRE2."

## II.     FACTUAL BACKGROUND

The plaintiff owned the property located at 17114 Seven Pines Drive, Spring, Texas 77379.  U.S. Bank holds a note and deed of trust with respect to the property.  Pursuant to the terms of the note, the plaintiff was required to make certain monthly payments.  In 2012, he failed to make multiple payments when due on the note.  As a consequence, on or about September 2012, U.S. Bank accelerated all sums due and owning on the note and notified the plaintiff of its intent to foreclose on the property.

Subsequently, the plaintiff contacted U.S. Bank's attorneys and requested the amount required for reinstatement.  When the plaintiff failed to hear from U.S. Bank in spite of his faxed request for the reinstatement amount, he followed up with it via telephone again requesting the amount required for reinstatement.  Shortly thereafter, the plaintiff was advised that the property had been the subject of a foreclosure sale.

In December 2012, U.S. Bank commenced eviction proceedings with respect to the property and obtained a writ of possession.  Afterward, the parties' agreed that the writ would not issue until on or after January 15, 2013.  On or about January 28, 2013, the plaintiff received a notice from the constable ordering him to vacate the premises by 9:10 a.m. on January 29, 2013 or be subject to forcible repossession.  On January 29, 2013, the plaintiff commenced the instant action against U.S. Bank alleging wrongful foreclosure under Texas law, requesting an accounting of amounts due, and seeking an injunction restraining U.S. Bank and/or its agents from taking any action to repossess the property.  U.S. Bank now moves for dismissal of the plaintiff's claims for failure to state a claim.

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## IV.   ANALYSIS AND DISCUSSION

### A.   The Plaintiff's Claim for an Accounting

As a threshold matter, the plaintiff requests that "the Court order an accounting of the amounts due and owing to and from [the] plaintiff and to [U.S. Bank]".  (Dkt. No. 1, Ex. A-3 at 4.).  However, "[a]n accounting[] is an equitable remedy that is not an independent cause of action."  *Henry v. CitiMortgage, Inc.,* No. 4:11–CV–083, 2011 WL 2261166, *8 (E.D. Tex. May 10, 2011).  Rather, "[a]n equitable accounting is [a] proper [remedy] when the facts and accounts in issue are so complex that adequate relief cannot be obtained at law."  *Brown v. Cooley Enter., Inc.*, No. 3:11-CV-0124-D, 2011 WL 2200605, *1 (N.D. Tex. June 7, 2011) (citing *Hutchings v. Chevron USA, Inc.,* 862 S.W.2d 752, 762 (Tex. App. 1993, writ denied)).  But, when, as in this case, "a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an

accounting." *Brown*, 2011 WL 2200605 at *1 (citing *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n,* 79 S.W.3d 712, 717–18 (Tex. App. 2002, pet. denied)).

Here, the plaintiff has not alleged that: (1) he is otherwise unable to obtain the information he seeks through ordinary discovery procedures; (2) U.S. Bank has resisted his interrogatories, requests for production and/or other discovery attempts; or (3) the facts and accounts in issue are so complex that adequate relief cannot be obtained at law. Accordingly, the plaintiff's request for an accounting lacks facial plausibility and should be dismissed.

### B. The Plaintiff's Claim for Wrongful Foreclosure

The plaintiff also asserts a claim for wrongful foreclosure against U.S. Bank. Specifically, he alleges that U.S. Bank "wrongfully foreclosed upon [his] property after representing that it would provide a reinstatement amount if a request were faxed to [it] through its counsel." (Dkt. No. 1, Ex. A-3 at 4.). The plaintiff contends that he complied with U.S. Bank's instructions and that U.S. Bank, nevertheless, proceeded with the foreclosure of his property. (*Id.*). Under Texas law, in order to allege a claim of wrongful foreclosure a plaintiff must present facts establishing: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.,* 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008) (internal citation omitted); *see also Sotelo v. Interstate Fin. Corp.*, 224 S.W.3d 517, 523 (Tex. App.-El Paso 2007) ("The elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price."); *Pollett v. Aurora Loan Servs.,* No. 11-50059, 2011 WL 6412051 at * 1 (5th Cir. Dec. 21, 2011) (in order to state a claim for wrongful foreclosure the plaintiff is required to plead that "his home sold for

a grossly inadequate selling price and [ ] a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.").

In this case, the plaintiff has failed to state a wrongful foreclosure claim that meets the pleading requirements of *Twombly/Iqbal*. In particular, he has not alleged that a defect in the foreclosure sale proceedings occurred, that the sales price at the foreclosure sale was grossly inadequate or that a causal connection exists between the grossly inadequate sales price and any alleged defects in the sale proceedings. Therefore, the plaintiff has not alleged a plausible claim for wrongful foreclosure and his claim should be dismissed.

Likewise, because the plaintiff has not shown a substantial likelihood of success on the merits or otherwise stated a plausible claim for relief with respect to any of his alleged claims, his claim for injunctive relief must also be dismissed. *Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377, *10 (S.D. Tex. June 6, 2012) (citing *Spady v. America's Servicing Co.*, No. H-11-2526, 2012 WL 1884115, *5 (S.D. Tex. May 21, 2012) ("A request for injunctive relief, absent a cause of action supporting the entry of a judgment, is fatally defective and does not state a claim.")).

## V.   CONCLUSION

Based on the foregoing analysis and discussion, U.S. Bank's motion to dismiss is hereby **GRANTED**.

It is so **ORDERED**.

SIGNED on this 30th day of July, 2013.

_____
Kenneth M. Hoyt
United States District Judge